UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020-DIMITROULEAS

**UNITED STATES OF AMERICA**

vs.

**JONATHAN MARKOVICH,
RICHARD WASERSTEIN,
DANIEL MARKOVICH,
CHRISTOPHER GARNTO,
JOSE SANTEIRO,
DREW LIEBERMAN,
MARIO KUSTURA, and
FRANK BOSCH, JR.,**

        **Defendants.**
_____/

## JOINT MOTION TO SET A STATUS HEARING

The United States of America and the Defendants respectfully ask that this Court set a status hearing to discuss continuing the trial beyond when it is currently set to begin, on March 15, 2021, until some other date convenient for this Court, and the parties. The parties request this hearing be set whenever it is convenient for the Court; the parties are aware that a Calendar Call is already set in this case for March 12, 2021, and respectfully request that this Status Hearing be set before that, or at least take place on that date. In support, the parties state as follows:

      1.     Under this Court's Scheduling Order of February 16, 2021 [D.E. 145], the trial in this matter was scheduled to begin on March 15, 2021, with a Calendar Call on March 12, 2021. The parties jointly submit this motion to set a status conference to reset the trial date, and describe the procedural history of this case as set forth below.

2. On January 19, 2021, eight Defendants were charged by Indictment in the above-captioned case. [D.E. 110]. This followed a criminal complaint against these same eight defendants (and two others not indicted) which was filed on September 25, 2020. [D.E. 1]. Defendants J. Markovich, D. Markovich, Santeiro, Lieberman, and Garnto are charged with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; and substantive counts of health care fraud in violation of 18 U.S.C. § 1347. Waserstein and J. Markovich are charged with money laundering offenses (conspiracy and substantive counts) in violation of 18 U.S.C. §§ 1956 and 1957. Garnto, Bosch, Kustura, J. Markovich, and D. Markovich are charged with a conspiracy to violate the Elimination of Kickbacks in Recovery Act ("EKRA") in violation of 18 U.S.C. § 371, and substantive EKRA charges in violation of 18 U.S.C. § 220. Finally, J. Markovich is charged with bank fraud in connection with Paycheck Protection Program ("PPP") loans made to Compass Detox and WAR, in violation of 18 U.S.C. § 1344(2). These charges all stem from Defendants' alleged conduct involving the purported treatment and/or recruitment of patients suffering from alcohol and/or substance abuse addiction at Second Chance Detox, LLC (d/b/a "Compass Detox") and We Are Recovery, LLC. ("WAR"), as alleged in both the Indictment and Complaint.

3. As part of their initial appearances in this case on the criminal Complaint, Magistrate Judge Patrick Hunt entered Standing Discovery Orders as to each Defendant. [See e.g., D.E. 6]. After Judge Hunt approved an agreed Protective Order in this case applying to all Defendants [D.E. 34], the Government filed its first response to the Standing Discovery Order on October 12, 2020 [D.E. 46], and has begun to produce discovery to Defendants subject to the terms of this Protective Order.

4.     The discovery in this case is extraordinarily voluminous. The Government's initial discovery production contained approximately 359,567 pages of financial records, call logs, ride-share records, payroll data, police reports, flight and travel records, insurance and licensing records, and social media and other open source materials, among other records. In addition, the Government produced hundreds of patient files, voluminous insurance billing data, and Facebook records in native format. The Government is in the process of gathering and preparing for production redacted interview reports (302s), and additional discovery materials. Thus, as noted by the Government's First Response to the Standing Discovery Order, discovery is ongoing.

5.     Both the United States, and the Defendants, anticipate calling expert witnesses at trial, including witnesses to examine and explain medical records and billing data in this case. This case involves approximately 984 distinct patients and approximately 2,285 patient files, along with prescription drug data and voluminous insurance billing data from multiple insurance plans. The case also involves allegations of money laundering involving multiple bank accounts whose records are likewise voluminous. All parties anticipate requiring well beyond March 2021 to analyze the discovery, and prepare for trial.

### Request for a Status Conference in Light of COVID-19, and Complexity of Case.

6.     On February 10, 2021, due to the ongoing COVID-19 pandemic, the Southern District of Florida entered its Eighth Administrative Order, Administrative Order 2021-12, from Chief Judge K. Michael Moore ("Administrative Order"), which continued all trials scheduled to begin on or after March 30, 2020, until May 3, 2021, and which continued all trial-specific deadlines to May 3, 2021 as well. [Administrative Order at ¶ 6-7]. This Administrative Order further noted that Speedy Trial Time was excluded until May 3, 2021, pursuant to 18 U.S.C.

§ 3161(h)(7)(A).  [Id. at ¶ 10].  Judge Moore noted that future district-wide continuances may be entered as circumstances warrant. [Id. at ¶ 6].

7. Obviously, the situation regarding trial scheduling in the Southern District of Florida is fluid given the ongoing pandemic.  The parties are setting their schedules and trying to determine when this trial will commence.  Coordinating witness appearances and travel in the near future will be necessary, as will preparing witnesses.  The parties also understand that the Court likely has other cases and trials that need to be scheduled.  Despite these scheduling issues, the parties will be available to try the case as soon as practicable and safe, in keeping with the Court's schedule and the district's Administrative Orders.  However, given the Administrative Order, the ongoing nature of the COVID-19 pandemic, the complexity of the case, and the likely length of any trial in this case (likely 4-8 weeks), the parties request a Status Conference to discuss all of these scheduling issues to arrive at a viable trial date.  The parties suggest a telephonic or ZOOM Status Hearing to deal with these scheduling issues (the assigned prosecutors are both located in the Washington, DC area) at the Court's convenience.  The parties will confer prior to this Status Hearing in order to be able to suggest possible trial dates to the Court.

8. Accordingly, the parties hereby submit this Joint Motion to Set a Status Hearing to discuss trial scheduling issues.

Dated: February 25, 2021

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DANIEL KAHN, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:  /s/ *James V. Hayes*
JAMES V. HAYES (FL Bar #A5501717)
Senior Litigation Counsel
JAMIE DE BOER (FL Bar No. A5502601)
Trial Attorney
United States Department of Justice,
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 774-4276
James.Hayes@usdoj.gov
Jamie.deBoer@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *James V. Hayes*